UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

RICKY LEE WINTERS,
             Petitioner,

    v.                                             9:12-CV-1103
                                                     (DNH)

DONNA ZICKEFOOSE and NEW YORK STATE
ATTORNEY GENERAL,

             Respondents.

---

APPEARANCES                           OF COUNSEL

RICKY LEE WINTERS
Petitioner, pro se
16529-055
Fort Dix Federal Correctional Institution
Inmate Mail/Parcels
East: P.O. Box 2000
Fort Dix, NJ 08640

DAVID N. HURD
United States District Judge

## DECISION and ORDER

Petitioner Ricky Lee Winters has filed an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, a brief in support of his petition, and several exhibits. Dkt. No. 7, Amended Petition ("Am. Pet."), Dkt. No. 7, Brief in Support of 28 U.S.C. § 2254 ("Brief"). He has also filed a letter motion asking that Donna Zickefoose be dismissed as a respondent, a letter motion asking that counsel be appointed to represent him, and a motion to re-label his petition as a "writ of error coram nobis." Dkt. Nos. 6, 8, 9.[1]

---

[1] In his letter requesting counsel, petitioner also asks that a response be directed to his petition. *See* Dkt. No. 8. In light of this Decision and Order, that request will be denied as moot.

**I.     Motion to Dismiss Respondent Zickefoose**

In his original petition, petitioner named Donna Zickefoose, the warden of the Federal Correctional Institution ("FCI") at Fort Dix, and the New York State Attorney General as respondents. Dkt. No. 1.[2] He has now moved to dismiss Zickefoose as a respondent, and has not named her in his amended petition. Am. Pet. at 2; Dkt. No. 6. Petitioner's request to dismiss Zickefoose as a respondent will be granted, and the Clerk is directed to amend the caption of this case to terminate Zickefoose as a respondent.

**II.    Motion for Counsel**

There is no constitutional right to representation by counsel in habeas corpus proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). A court may, in its discretion, appoint counsel where "the interests of justice so require[.]" 18 U.S.C. § 3006A (a)(2)(B). In determining whether to appoint counsel, a habeas court should "consider the petitioner's likelihood of success on the merits of his petition, the complexity of legal issues raised by such application and the petitioner's ability to investigate and present his case to the federal habeas court." *Soto v. Walker*, No. 9:00-CV-0197 (TJM/DEP), 2005 WL 2260340 at *4 (N.D.N.Y. Sept. 15, 2005); *see Hodge v. Police Officers*, 802 F.2d 58, 60-61 (2d Cir. 1986).

Based upon a review of the amended petition, appointment of counsel on behalf of petitioner is unwarranted at this time. His motion for counsel, Dkt. No. 8, will therefore be denied without prejudice.

---

[2] In his amended petition, petitioner names both Andrew M. Cuomo and Eric T. Schneiderman as the New York State Attorney General. Am. Pet. at 2. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the current New York State Attorney General, Eric. T. Schneiderman, is automatically substituted as a respondent in this action in place of former New York State Attorney General Andrew M. Cuomo.

### III. Motion to re-label the petition as a writ of error coram nobis

In his motion, petitioner claims that he erroneously filed a habeas petition because he did not understand the "in custody" requirement. Dkt. No. 9 at 1. Without conceding he is not "in custody" on the conviction he challenges in his amended petition, petitioner asserts that he is suffering collateral consequences as a result of that conviction, and asks that his petition be liberally construed as a writ of error coram nobis.

Petitioner's request will be denied. The common law writ of error coram nobis is limited to petitioners "who are no longer in custody pursuant to a criminal conviction and therefore cannot pursue direct review or collateral relief by means of a writ of habeas corpus." *Santana v. United States*, No. 1:12-CV-2150, 2013 WL 717284 at *2 (S.D.N.Y. Feb. 28, 2013) (quoting *Fleming v. United States*, 146 F.3d 88, 89–90 (2d Cir. 1998)). The remedy is available where the petitioner shows: "1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist for failure to seek appropriate earlier relief, and 3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." *Id.* (quoting *United States v. Mandanici*, 205 F.3d 519, 524 (2d Cir. 2000) (quoting *Fleming,* 146 F.3d at 90) (internal quotation marks omitted)). Petitioner has not made the required showing.

Additionally, as outlined below, it has been determined that the respondent must answer the amended petition, and therefore no ruling will be issued at this time on the issue of whether petitioner is "in custody" on the challenged conviction, or whether a habeas petition pursuant to 28 U.S.C. § 2254 is the appropriate vehicle for petitioner to obtain the relief he seeks.

**IV.    The Petition**

Petitioner challenges a 1990 judgment of conviction in Cayuga County Supreme Court, following his guilty plea, of third degree criminal sale of a controlled substance. Am. Pet. at 2. His conviction was affirmed by the Appellate Division, Fourth Department, on November 15, 1991. *Id.* at 3. Petitioner states that the New York Court of Appeals denied leave to appeal. *Id.* He also states that a motion to vacate his conviction, brought pursuant to New York Criminal Procedure Law ("CPL") § 440.10 was denied by the Cayuga County Supreme Court on August 11, 2010, and that a second section 440 motion was denied on February 3, 2011. *Id.* at 3-4. Petitioner sought leave to appeal the denial of the second motion, and the Appellate Division denied leave on October 26, 2011. *Id.* at 4.

Petitioner raises the following grounds for habeas relief: (1) he was denied the right to a fair and impartial judge; (2) counsel was ineffective; (3) he was denied due process when the trial court did not impose the conditions of the plea agreement, and denied petitioner's motion to withdraw his plea; and (4) his plea was not knowingly or intelligently made. Am. Pet. at 5-6; Brief at 1-21. Petitioner states that his sentence was completed in June 1997, but that this conviction was used to enhance the federal sentence he is currently serving for a violation of 18 U.S.C. § 922(g). Am. Pet. at 7; Brief at 19-20. For a more complete statement of petitioner's claims, reference is made to the petition. Based upon an initial review of the petition, respondent must file an answer.

**V.    CONCLUSION**

Therefore, it is

ORDERED that

4

1.  Petitioner's motion to dismiss Donna M. Zickefoose as a respondent, Dkt. No. 6, is **GRANTED**.  The Clerk is directed to terminate Zickefoose as a respondent;

2.  Petitioner's motion for the appointment of counsel, Dkt. No. 8, is **DENIED WITHOUT PREJUDICE**;

3.  Petitioner's motion to re-label his amended petition as a writ of error coram nobis, Dkt. No. 9, is **DENIED WITHOUT PREJUDICE**;

4.  The Clerk shall serve a copy of this Decision and Order on petitioner;

5.  The Clerk shall serve copies of this Decision and Order, the amended petition, petitioner's brief and the exhibits upon the Attorney General of the State of New York;

6.  The respondent shall file and serve an answer to the amended petition, and provide the court with the relevant records,[3] within sixty (60) days of the date of this Decision and Order;

7.  Upon the filing of respondent's answer, the Clerk shall forward the entire file in this matter to the court for further review; and

8.  The parties shall file all pleadings, motions or other documents relating to this action with the Clerk of the United States District Court, Northern District of New York, James Hanley U.S. Courthouse & Federal Building, 7th Floor, 100 South Clinton Street, Syracuse, New York 13261-7367.  The parties must accompany any document filed with the court with a certificate setting forth the date on which they mailed a true and correct copy of the same to all opposing parties or their counsel.  The court will strike any filing that does not include a

---

[3] The records must be arranged in chronological order, sequentially numbered, and conform fully with the requirements of Local Rule 72.4.  Respondent is also reminded that, pursuant to Local Rule 7.1 (a)(1), "[m]emoranda of law that contain citations to decisions exclusively reported on computerized databases, e.g. Westlaw, Lexis, Juris, shall include copies of those decisions."  N.D.N.Y. L.R. 7.1 (a)(1).

proper certificate of service. Petitioner must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. Petitioner must also promptly notify the Clerk's Office and all parties or their counsel of any change in his address; his failure to do so will result in the dismissal of this action.

The parties are advised that this case will not be referred to a Magistrate Judge pursuant to Local Rule 72.3 (c). General Order No. 32. Therefore, all motions are to be made returnable before the undersigned on any business day with proper allowance for notice as required by the Rules. All parties must comply with Rule 7.1 of the Northern District of New York when filing motions. All motions will be decided on papers with no appearances and without oral argument unless otherwise ordered.

IT IS SO ORDERED.

_____
United States District Judge

Dated: April 8, 2013
       Utica, New York.